UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONITRONICS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-2052-B |
| EVEREST INDEMNITY INSURANCE CO. and NAVIGATORS SPECIALTY INSURANCE CO., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Navigators Specialty Insurance Company's Motion to Dismiss (Doc. 31). In light of the parties' arguments and Plaintiff Monitronics International Inc.'s Motion for Leave to File Sur-reply (Doc. 52), the Court **DENIES** Navigators' Motion to Dismiss and **DENIES** as **MOOT** Monitronics' Motion for Leave.

### I.

### BACKGROUND

This is a declaratory-judgment and breach-of-contract dispute over insurance coverage. Doc. 1, Compl., ¶¶ 7.1–7.19. Plaintiff Monitronics had contracted with Defendant Navigators Specialty Insurance Company for excess insurance coverage. *Id.* ¶¶ 6.22–6.30. Monitronics also contracted with other insurers for additional coverage, both primary and excess. *E.g.*, *id.* ¶ 1.1. As part of this suit, Monitronics seeks coverage under Navigators' excess insurance policy. *Id.* ¶ 6.22. Navigators disputes its liability to indemnify Monitronics.

On November 13, 2018, Navigators filed a Motion to Dismiss (Doc. 31) Monitronics'

- 1 -

declaratory-judgment and breach-of-contract claims—in other words, to dismiss the entire action against it. Navigators then filed its own action in West Virginia state court. Doc. 38, Pl.'s Resp., ¶ 3. Monitronics responded to the Motion to Dismiss on December 3, 2018 (Doc. 38); Navigators replied on December 21, 2018 (Doc. 47). Monitronics has since moved to file a sur-reply. Doc. 52. The Court now considers both the Motion to Dismiss and Motion for Leave to File a Sur-reply.

## II.

## ANALYSIS

In its Motion to Dismiss, Navigators articulated three grounds for dismissal: (1) abstention in favor of state-court action; (2) forum non conveniens; and (3) failure to join necessary parties. Doc. 31, Mot. to Dismiss, 1. The first two grounds for dismissal are based in federalism concerns. However, as Monitronics informed this Court on January 31, 2019, there is no longer a competing state action. Doc. 52, Mot. for Sur-reply, 1. Therefore, this action no longer interferes with the relationship between state and federal governments, and the Court dismisses Navigators' first two arguments as moot.

As for the third ground for dismissal, Navigators argues that the Court must grant the Motion to Dismiss because certain primary insurers—allegedly First Mercury and "Dealers Insurers"—are necessary parties under Rule 19, yet not joined to this action. Under Rule 19, a person must be joined as a party when (1) the person's absence will prevent the court from "accord[ing] complete relief among existing parties," or (2) the person has an interest in the subject of the case, and disposing of it in the person's absence will either "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. Fed. R. Civ. P. 19(a)(1). If joining the required party is not feasible, a court "must determine

whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* 19(b).

It is undisputed that First Mercury is a primary insurer that has already settled with Monitronics. Doc. 38, Pl.'s Resp., ¶ 6. It is also undisputed that Navigators' "Policy is in excess over certain First Mercury polices and unnamed other policies[.]" Doc. 39, Pl.'s Resp. Br., 18. But to the extent that coverage provided by First Mercury must be determined before Navigators' policy is triggered, the Court may decide that issue as a matter of law. And because Monitronics has settled with First Mercury, there is no risk of a "parallel state court suit between the plaintiff[] and the absent insurers." *See City of Littleton, Colo. v. Comm. Union Assur. Cos.*, 133 F.R.D. 159, 163 (D. Colo. 1990). Navigators' argument to the contrary does not address why a primary insurer that has *already settled* with the insured must be present in a suit between an excess insurer and the insured.

It is not alleged that Monitronics has settled with the Dealers Insurers, however. As to the necessity of the Dealers Insurers, even if these parties were required under Rule 19, Navigators has not offered the citizenship of these parties, despite admitting that Navigators itself has brought suit against these entities in West Virginia. As another court in this district has noted, a Rule 12(b)(7) analysis requires an inquiry into subject matter jurisdiction when an absent party is necessary:

> to grant a motion to dismiss for failure to join a party, the court must find: (1) that the absent party is necessary to the suit; (2) that the absent party cannot be added to the suit because to do so would divest the court of its jurisdiction; and (3) that upon consideration of the factors enumerated in Rule 19(b), the court should not proceed to adjudicate the suit without the absent party.

*Power Equities, Inc. v. Atlax Telecom Services-USA, Inc.*, 2007 WL 43843, at *4 (N.D. Tex. Jan. 5, 2007). Navigators has failed to clarify who exactly should be joined—while it states that it has brought suit in West Virginia against this group of unknown primary insurers ("Dealer Insurers"),

Navigators only obliquely provides the names of certain such insurers, not their citizenship. Doc. 39, Mot. to Dismiss Br., 9; Doc. 47, Navigators' Reply, 8 & 8 n.15 (listing certain insurers that Monitronics proposed to add in prior litigation without specifying if these are all of the Dealer Insurers contemplated in the West Virginia action). "Therefore, this court [is] unable to determine whether joinder would destroy subject-matter jurisdiction and whether these parties are indispensable under Rule 19(b)." *Turner v. Pavlicek*, 2011 WL 4458757, at *8 (S.D. Tex. Sept. 22, 2011) (denying a motion to dismiss under Rule 12(b)(7) because the potentially required parties' citizenship was not in the record).

In the main cases relied upon by Navigators, there was at least one insurer not named who destroyed diversity, thus those courts were not confronted with this Rule 19(b) quandary. *See Witco Corp. v. Travelers Indem. Co.*, 1994 WL 706076, at *7, 9 (D.N.J. Apr. 7, 1994), *aff'd*, 82 F.3d 408 (3d Cir. 1996) (dismissing action because diversity would be destroyed by a potential insurer whose citizenship was affirmatively alleged); *Littleton*, 133 F.R.D. at 163 (same); *Shell Oil Co. v. Aetna Cas. and Sur. Co.*, 158 F.R.D. 395, 398 & 398 n.1 (N.D. Ill. 1994) (same); *Ins. Co. of State of Penn. v. LNC Cmtys. II, LLC*, 2011 WL 5548955, at *10 (D. Colo. Aug. 23, 2011) *report and recommendation adopted*, 2011 WL 5553808 (D. Colo. Nov. 15, 2011) (same). Navigators' single citation to a case about unknown individuals to be joined under Rule 19 is only persuasive authority—instead, the Court follows the rule cited therein from this district that a court "may not presume that John Doe defendants are diverse with respect to the plaintiff." *See* Doc. 47, Navigators' Reply, 9 n.16 (citing *United Fin. Cas. Co. v. Lapp*, 2012 WL 7800838, at *5 (D. Colo. Oct. 12, 2012), *report and recommendation adopted*, 2013 WL 1191392 (D. Colo. Mar. 21, 2013) (citing *Stephens v. Halliburton Co.*, 2003 WL 22077752, at *5 (N.D. Tex. Sept. 5, 2003))). Thus, on the information so far

provided, the Court declines to grant the motion to dismiss under Rule 12(b)(7).

III.

CONCLUSION

For these reasons, Navigators' Motion to Dismiss (Doc. 31) is **DENIED as MOOT** with respect to the first grounds of abstention and forum non conveniens, and **DENIED** with respect to the third ground of failure to join necessary parties. Monitronics' Motion for a Sur-reply (Doc. 52) is thus **DENIED** as **MOOT**; however, any party that so wishes may file a 12(b)(3) motion to transfer venue under the applicable statute within 21 days of this order.

**SO ORDERED**.

**SIGNED: February 8, 2019.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE